IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

MARTY SANCHEZ,

        Plaintiff,

v.                              No. CIV 08-23 BB/RHS

JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY and CITY OF RIO
RANCHO,

        Defendants.

## MEMORANDUM OPINION
## AND
## ORDER GRANTING SUMMARY JUDGMENT TO CITY OF RIO RANCHO

**THIS MATTER** is before the Court on Defendant City of Rio Rancho's Motion for Summary Judgment [Doc. 7]. The Court having considered all submissions of counsel, finds the Motion is well supported and it will be Granted.

**I.**    *Legal Standard*

Summary judgment is appropriate if there is no genuine issue about any material fact and if the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). It is the moving party's burden to show that there is no genuine issue of material fact, whether as to jurisdiction or the merits of the claims, even if the moving party does not have the ultimate burden at trial. *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002).

**To avoid summary judgment, the nonmoving party may not rest upon the mere allegations in the pleadings but must show, at a minimum, an inference of the existence of each essential element of the case.** *Eck v. Parke, Davis & Co.*, **256 F.3d 1013, 1016-17 (10th Cir. 2001) (citing** *Hulsey v. Kmart, Inc.*, **43 F.3d 555, 557 (10th Cir. 1994)). But the nonmoving party must offer more than "a scintilla of evidence" in support of his position.** *North American Specialty Ins. Co. v. Correctional Medical Serv.*, **527 F.3d 1033, 1040 (10th Cir. 2008). The nonmoving party, then, must come forward with "specific facts showing that there is a genuine issue for trial.** *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 587-88 (1986). When viewing that evidence, the Court must draw reasonable inferences in favor of the nonmoving party.** *Matsushita*, **475 U.S. at 587.**

**II.**     *Facts*

**On April 2, 2001, Plaintiff Marty Sanchez was hired with the City of Rio Rancho ("City") as a laborer in the parks maintenance division. While employed by the City, Plaintiff received an employee manual entitled "City of Rio Rancho Personnel Policies and Work Rules" ("the Manual"). The Manual contains a description of the work "rules" and policies and provides references to "benefits" including disability insurance benefits that may be available to City employees.**

**On April 11, 2001, Plaintiff completed an Enrollment Form For Group Insurance for a long term disability insurance policy with Jefferson Pilot Financial which the City**

made available to City employees. He received a policy from Jefferson Pilot effective May 2001. Plaintiff's physicians determined Plaintiff was disabled in March 2005. On June 30, 2005, Plaintiff was officially separated from his employment with the City. Plaintiff made a claim for benefits under the Policy and was denied benefits.

III.   *Discussion*

Plaintiff contends that he had a binding contract with the City based on the Manual. Moreover, it is Plaintiff's position that the Manual provides him a right to disability benefits. The City responds that the Manual expressly provides that it does not create a contract and, even if it did, at most it promised that the City "may provide disability insurance."

In the Manual, the City agreed that it may provide certain benefits for employees, including the right to obtain disability insurance.

> The City of Rio Rancho shall provide such other benefits, as are required by law and as may be, from time to time, approved by the Governing Body and for which monies are appropriated. These benefits may include any or all of the following, and the City may share with the employees in the cost of some or all of the benefits provided....

Personnel Policies and Work Rules, Sec. 812(A). Pursuant to the plain language of the Manual, the City did not contract with Plaintiff to provide long term disability benefits. The City is not even required to offer disability insurance. The Court thus finds that nothing in the City's Manual establishes the right to receive disability benefits for any employee. *See Beggs v. City of Portales*, 167 P.3d 953, 959 (N.M. App. 2007).

**In short the City did not breach any of its obligations under its Personnel Policies and Work Rules and, hence, is entitled to summary judgment.**

**O R D E R**

**For the above stated reasons, Defendant City of Rio Rancho's Motion for Summary Judgment is GRANTED, and judgment will be entered.**

**SO ORDERED this 4th day of November, 2008.**

_____
**BRUCE D. BLACK**
**United States District Judge**